UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JACKSON,<br><br>    Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendant | Case No.: 2:23-cv-00124-APG-DJA<br><br>**Order Granting Plaintiff's Motion to Strike in Part, Granting Defendant's Motion to Dismiss in Part, and Granting an Extension of Time to File an Opposition to the Motion to Dismiss**<br><br>[ECF No. 32, 35] |

Pro se plaintiff Robert Jackson sued the Nevada Department of Corrections (NDOC) and several NDOC officials under 42 U.S.C. § 1983 for allegedly violating his civil rights while incarcerated at Nevada's High Desert State Prison (HDSP). He alleged five claims: a violation of the First Amendment, two violations of the Eighth Amendment, a violation of the Fourteenth Amendment, and a violation of Title VII of the Civil Rights Act. I screened Jackson's First Amended Complaint (FAC) and dismissed his Title VII claim with prejudice. I also dismissed his First Amendment claim and Eighth Amendment claim about indifference to the prison's exercise conditions against some but not all of the NDOC officials.[1] Subsequently, the defendants moved to dismiss the remaining four claims, which I granted with regard to Jackson's Eighth Amendment claims and denied with regard to the First and Fourteenth Amendment

---

[1] After screening, Jackson's First Amendment retaliation claim proceeds against Brian Williams, James Scally, Jeremy Bean, Jennifer Nash, and James Dzurenda. ECF No. 11 at 14. Jackson's Eighth Amendment claim based on indifference to dangerous conditions proceeds against Brian Williams, Scally, Dzurenda, Lee Daniels, Calvin Johnson, Nash, Bean, Julie Williams, and Frank Dreesen. *Id*. at 17. Jackson's Eighth Amendment claim based on insufficient yard time proceeds against Dreesen, Johnson, and Julie Williams. *Id*. at 20. Jackson's Fourteenth Amendment discrimination claim proceeds against Dzurenda, Daniels, Brian Williams, Johnson, Bean, Scally, Dreesen, Julie Williams, and Nash. *Id*. at 22.

claims. I granted Jackson leave to amend to plausibly allege facts to show a violation of clearly established Eighth Amendment rights. He filed his Second Amended Complaint (SAC), which realleged without amendment his First Amendment, Fourteenth Amendment, and Title VII claims. The SAC realleged his Eighth Amendment claims with new legal citations supporting the claims. He again brought all claims against all NDOC officials initially listed in the FAC, even against those that I screened out. The SAC did not add any new claims or factual allegations.

The defendants again move to dismiss all five claims of the SAC for failure to state a claim under Federal Rule of Civil Procedure (FRCP) 12(b)(6) and because they are shielded by qualified immunity. Specifically, they argue that Jackson has failed to establish a violation of the First, Eighth, or Fourteenth Amendments; that any right was not clearly established at the time of the alleged violation; that I previously dismissed the Title VII claim with prejudice and without leave to amend; and that Jackson is not entitled to punitive damages for any of his claims. They also argue that Jackson should be issued a strike for failing to state a claim upon which relief may be granted.

Instead of substantively responding to the defendants' second motion to dismiss, Jackson, citing FRCP 12(g), moves to strike the motion to dismiss for raising defenses and objections that were available to the defendants but omitted in their first motion to dismiss. The defendants respond that they can move to dismiss all of Jackson's claims, including those unamended in the SAC, because the SAC "supersedes" the FAC and because Ninth Circuit caselaw allows a party to challenge the entirety of an amended complaint, including causes of action carried over from a previous complaint. *Ramirez v. Cnty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). I

grant Jackson's motion to strike in part, grant the defendants' motion to dismiss the SAC in part, and extend the time for Jackson to file a response to the defendants' motion to dismiss.

I.    **MOTION TO STRIKE**

A party that makes a Rule 12 motion "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FRCP 12(g)(2). "The consequence of omitting a defense from an earlier motion under Rule 12 depends on the type of defense omitted." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017) ("*In re Apple*"). A party who omits an available defense of lack of personal jurisdiction, improper venue, insufficient process, or insufficient service waives that defense entirely. FRCP 12(h)(1)(A). A party who fails to assert an available failure-to-state-a-claim defense or fails to state an available legal defense to a claim in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12. *In re Apple*, 846 F.3d at 318 (citing FRCP 12(g)(2), (h)(2)).[2] A defense is not "available" under FRCP 12(g)(2) if "its legal basis did not then exist" or "if the defense would have been futile." *Moser v. Benefytt, Inc.*, 8 F.4th 872, 878 (9th Cir. 2021) (simplified).

    **1.  I strike the sections of the defendants' motion to dismiss targeting Jackson's First and Fourteenth Amendment claims.**

The defendants' arguments targeting the SAC's First and Fourteenth Amendment claims were available when they filed their motion to dismiss the FAC.[3] In their second pre-answer

---

[2] But a party may assert these defenses in a pleading under FRCP 7(a), a motion for judgment on the pleadings under FRCP 12(c), or at trial. FRCP 12(g)(2), (h)(2).

[3] For this section, I am analyzing only the defendants' arguments targeting the First and Fourteenth Amendment claims against the defendants who I did not screen out previously. ECF No. 11. After my Screening Order, the First Amendment claim proceeded against Brian Williams, Scally, Bean, Nash, and Dzurenda. The Fourteenth Amendment claim proceeded

3

motion to dismiss, they argue that both causes of action fail to state a claim that a constitutional violation occurred and that they are shielded by qualified immunity. However, the SAC asserts the First and Fourteenth Amendment claims against these same defendants in the FAC. Jackson also included his request for punitive damages in both his FAC and SAC. Therefore, the legal bases for the defendants' arguments against the First and Fourteenth Amendment claims and punitive damages for those claims existed when they filed their motion to dismiss the FAC, and those defenses would not have been futile then. *See Moser*, 8 F.4th at 878. Indeed, the defendants raised these same arguments in their motion to dismiss the FAC, though in less detail, showing that the defenses were previously available.

  The defendants argue that because an amended complaint "supersedes the original," such that the original "cease[s] to exist," they can move to dismiss unamended claims in the amended complaint. *Ramirez,* 806 F.3d at 1008 (simplified). But whether Jackson's SAC supersedes the FAC is not relevant to determining whether the defendants' arguments in their motion to dismiss the SAC were previously available under FRCP 12(g). "While an amended complaint supersedes the original, it normally does so only with regard to the pleading's substance, not its procedural effect." *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 531 (9th Cir. 2018) (citing as an example *Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012) (en banc)). For example, in *Ramirez*, the Ninth Circuit ruled that a district court erred by granting a motion to dismiss when the motion attacked the plaintiff's first amended complaint and not his validly filed second amended complaint. 806 F.3d at 1008. This was because the substantive allegations of the second amended complaint "superseded" the first amended complaint and accordingly the

---

against Dzurenda, Daniels, Brian Williams, Johnson, Bean, Scally, Dreesen, Julie Williams, and Nash.

first amended complaint must be "treated thereafter as non-existent." *Id.* (simplified). The issue in *Ramirez* turned on whether the first or second amended complaints' substantive allegations were currently in effect for the purposes of the motion to dismiss. *Id.*

Under the circumstances of this case, whether the FAC's substantive allegations are currently in effect does not affect whether the legal basis for the defendants' arguments against the First and Fourteenth Amendment claims were available when they previously moved to dismiss those claims. Indeed, Jackson does not dispute that the SAC's substantive allegations supersede the FAC and are currently at issue. He argues the defendants could have raised these arguments against the First and Fourteenth Amendment claims earlier because nothing changed between the two complaints with respect to these claims. Additionally, when analyzing under FRCP 12(g) whether a defense against an amended complaint was available in a FRCP 12 motion targeting a prior complaint, the Ninth Circuit has not referred to its caselaw of an amended complaint superseding the prior complaint. *See In re Apple*, 846 F.3d at 318-20. This is further support that an amended complaint superseding a prior complaint is not relevant under FRCP 12(g).

The defendants next argue that the Ninth Circuit's decision in *Sidebotham v. Robison*, 216 F.2d 816 (9th Cir. 1954), allows them to challenge the entire SAC, including the claims carried over from the FAC. *Sidebotham* held that when the plaintiff "fil[ed] a third amended complaint which carried over the causes of action of the second amended complaint, the [defendants] were free to challenge the entire new complaint." 216 F.2d at 823. In *Sidebotham*, the district court denied the defendants' motion to dismiss the plaintiff's second amended complaint. *Id.* at 821. The plaintiff then voluntarily filed a third amended complaint that included without amendments two causes of action from the second amended complaint and

5

added a third cause of action based on new factual allegations. *Id.* at 821-22. The defendants subsequently moved to dismiss the new and old causes of action in the third amended complaint, raising defenses of failure to state a claim, statute of limitations, and laches. *Id.* at 823. The district court dismissed the entire complaint for failure to state a claim, and the Ninth Circuit held that the district court did not err in considering the defendants' arguments to dismiss the causes of action that were in the previous complaint. *Id.*

*Sidebotham's* ruling that, upon the plaintiff's filing of an amended complaint, the defendants "were free to challenge the entire new complaint," including the causes of action "carried over" from the prior complaint previously challenged in a Rule 12 motion, is in tension with FRCP 12(g) and (h). The text of FRCP 12(g) and (h) does not create an exception to its bar on a party raising defenses or objections available in its prior Rule 12 motion if the counterparty files an amended complaint. *See* FRCP 12(g), (h). But if I take the defendants' interpretation of *Sidebotham* to its fullest extent, that a party is "free" to raise any defense "to challenge the entire new complaint," then a party could raise any FRCP 12(b) defense in a motion to dismiss a new amended complaint even if the defense was available to them when they moved to dismiss a prior complaint. 216 F.2d at 823.

I do not find *Sidebotham* to hold that. First, *Sidebotham* was not interpreting FRCP 12(g) or (h) when it declared that the defendants could challenge the entirety of the amended complaint despite already filing a motion to dismiss a previous complaint. *See* 216 F.2d at 823. FRCP 12(g) and (h) were substantively the same when the Ninth Circuit decided *Sidebotham* as they are today. *Compare* FRCP 12(g), (h) (2024) *with* FRCP 12(g), (h) (1952). *Sidebotham* does not analyze how its holding harmonizes with those rules.

6

Second, Ninth Circuit caselaw holds that a party entirely waives the defenses listed in FRCP 12(b)(2)-(5)[4] if the party fails to raise the defense despite it being available to them in their prior Rule 12 motion. *Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir. 2002) (holding that the defendant "waived any defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process, by failing to raise the defense in its first motion under Rule 12(b)" (citing FRCP 12(b) and (h)(1)(A)); *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986) ("If a party files a pre-answer motion, but does not raise one of the [FRCP 12(b)(2)-(5)] defenses the party waives the omitted defense and cannot subsequently raise it in his answer or otherwise.") *overturned on other grounds by Schweiker v. Chilicky*, 487 U.S. 412 (1988). I could not find any Ninth Circuit case allowing a party to raise a defense under Rule 12(b)(2)-(5) after not raising it in a prior motion to dismiss just because the counterparty filed an amended complaint.

Third, more recent Ninth Circuit caselaw does not cite to *Sidebotham* when analyzing whether a defense was available to a party in their motion to dismiss a prior version of a complaint. *In re Apple,* 846 F.3d at 317-20. In *In re Apple*, the plaintiffs filed a second amended consolidated complaint with new factual allegations but did not add a new cause of action. *Id.* at 317. The defendant consequently filed a motion to dismiss the plaintiffs' two claims for failure to state a claim. *Id.* The plaintiffs included these two claims in their first consolidated complaint, but the defendant did not raise a failure-to-state-a-claim defense against these claims in its motion to dismiss the first consolidated complaint. *Id.* at 316-17. The Ninth Circuit analyzed under FRCP 12(g), not *Sidebotham*, whether the failure-to-state-a-claim defense was available to

---

[4] These defenses are lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.

the defendant in its prior motion to dismiss. *Id.* at 317-20.  An expansive reading of *Sidebotham's* ruling would find that despite FRCP 12(g), the defendant in *In re Apple* was free to raise the failure-to-state-a-claim defense in its motion to dismiss the newest complaint because the plaintiffs amended their complaint.  The Ninth Circuit did not hold that though.  It instead analyzed whether the failure-to-state-a-claim defense was available under FRCP 12(g), eventually deciding that, even assuming it was available, the district court considering the defense was harmless error. *In re Apple*, 846 F.3d at 320.  It never cited to *Sidebotham*. *Id.*

*Sidebotham's* reasoning shows its holding is limited to its procedural posture and does not determine my ruling of the FRCP 12(g) question here.  In *Sidebotham*, though the district court dismissed the amended complaint for failure to state a claim, the defendant also argued the claims were barred by statutes of limitations. 216 F.2d at 823.  The Ninth Circuit noted that the district court, when determining if a claim first raised in an amended complaint is barred by the statute of limitations, is "required" to go back to the original pleading to determine if the new claim "relates back to the date of the original pleading." *Id.* (simplified) (citing FRCP 15(c)).  In doing so, the district court was therefore "free to re-examine its ruling on the causes of action in the prior complaint with a view of determining whether, in the light of the new cause of action, its previous order was correct." *Id.*

Here, Jackson did not add a new claim to the SAC, and there is no issue whether a new claim in the SAC relates back to the FAC for determining the applicability of a statute of limitations.  He added only legal citations to his Eighth Amendment claims.  Therefore, *Sidebotham* does not allow the defendants to challenge the unamended claims.  I accordingly strike the sections of the defendants' motion to dismiss targeting Jackson's First and Fourteenth

Amendment claims and punitive damages because those defenses were available to the defendants in their prior motion to dismiss.[5]

### 2. I decline to strike the defendants' arguments targeting the Eighth Amendment claims in their motion to dismiss.

Jackson seeks to strike defendants' arguments targeting his Eighth Amendment claims in their motion to dismiss. Jackson alleged these claims in his FAC but amended them in his SAC. Specifically, he added twelve footnotes with case citations supporting his allegations that the defendants' actions constitute violations of the Eighth Amendment. *Compare* ECF No. 10 at 9-13 *with* ECF No. 29 at 9-16. These amendments respond to my dismissal of the Eighth Amendment claims from the FAC with leave to amend. I had found the defendants were entitled to qualified immunity on the Eighth Amendment claims because Jackson had not met his burden of showing clearly established law for these violations. ECF No. 28 at 10. The defendants again argue that the Eighth Amendment claims should be dismissed because they are shielded by qualified immunity and Jackson fails to state a claim upon which relief can be granted. They also argue that Jackson is not entitled to punitive damages for the alleged Eighth Amendment violations.

The SAC is the first time Jackson cited any of the cases in the footnotes of his Eighth Amendment claim. He did not cite them in his FAC nor in his response to the defendants' motion to dismiss the FAC. The motion to dismiss the SAC is the defendants' first opportunity to respond to Jackson's allegations that these cases clearly establish that the defendants' conduct

---

[5] *In re Apple* held that in certain circumstances a district court ruling on a defense barred under FRCP 12(g) may be harmless error. 846 F.3d at 320. Because doing so is still an error, I decline to use *In re Apple* to consider the defendants' arguments against the First and Fourteenth Amendment claims.

constitutes an Eighth Amendment violation.  As such, the defendants' arguments targeting the Eighth Amendment claims and punitive damages for those claims in the motion to dismiss the SAC were not previously available, so I do not strike those portions of the motion.

### 3. I decline to strike the portion of defendant's motion to dismiss the SAC targeting the Title VII claim.

Jackson seeks to strike the defendant's arguments targeting his Title VII claim, where they argue the claim must be dismissed because I already dismissed it with prejudice.  Because I dismissed that claim prior to the defendants moving to dismiss the FAC, that argument was not previously available to them.  Therefore, I decline to strike the portion of the defendants' motion to dismiss targeting the Title VII claim.

## II. MOTION TO DISMISS

First, I dismiss the constitutional claims against the defendants that I previously screened out and that Jackson re-filed claims against in the SAC.  Therefore, I dismiss the First Amendment claim against Lee Daniels, Calvin Johnson, Frank Dreeson, and Julie Williams.  I also dismiss the Eighth Amendment claim about indifference to exercise conditions against James Dzurenda, Lee Daniels, Brian Williams, Jeremy Bean, James Scally, and Jennifer Nash.  Additionally, I have already dismissed Jackson's Title VII claim with prejudice and without leave to amend.  Jackson re-alleged this claim in his SAC, so I again dismiss it with prejudice.  This means Jackson may not re-raise the Title VII claim in any potential amended complaint in the future.

Because I have stricken the sections in the defendants' motion to dismiss targeting Jackson's First Amendment claim, I decline to dismiss the First Amendment claim against Brian Williams, Scally, Bean, Nash, and Dzurenda.  Because I also have stricken the sections of the

defendants' motion to dismiss targeting the Fourteenth Amendment claim, I decline to dismiss the Fourteenth Amendment claim against Dzurenda, Daniels, Brian Williams, Johnson, Bean, Scally, Dreesen, Julie Williams, and Nash.

Because I am not striking the defendants' motion to dismiss regarding the Eighth Amendment claims and punitive damages for those claims, I grant Jackson an extension to file a response to the defendants' motion to dismiss those claims and punitive damages for those claims only. I will not consider any other briefing responding to any other portion of the defendants' motion.

Finally, I decline to issue a strike against Jackson because his First and Fourteenth Amendment claims survive the motion to dismiss and he has successfully stated claims upon which relief can be granted.

### III. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 32) is GRANTED in part**. Jackson's Title VII claim is dismissed with prejudice. I dismiss the First Amendment claim against Lee Daniels, Calvin Johnson, Frank Dreesen, and Julie Williams. I dismiss the Eighth Amendment claim about indifference to exercise conditions against James Dzurenda, Lee Daniels, Brian Williams, Jeremy Bean, James Scally, and Jennifer Nash. I deny the motion to dismiss as to Jackson's claims under the First Amendment against Brian Williams, James Scally, Jeremy Bean, Jennifer Nash, and James Dzurenda. I also deny the motion as to his Fourteenth Amendment claims against James Dzurenda, Lee Daniels, Brian Williams, Calvin Johnson, Jeremy Bean, James Scally, Frank Dreesen, Julie Williams, and Jennifer Nash.

I FURTHER ORDER that Jackson's motion to strike **(ECF No. 35) is GRANTED in part**. I grant the motion to strike the sections of the defendants' motion to dismiss targeting the

11

First and Fourteenth Amendment claims. I decline to strike the sections of the defendants' motion to dismiss targeting the Eighth Amendment and Title VII claims.

I FURTHER ORDER that Jackson may file an opposition brief to the defendants' motion to dismiss his Eighth Amendment by December 17, 2025.

DATED this 2nd day of December, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE